UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SYLVESTER WASHINGTON,

               Petitioner,              Case No. 2:11-cv-212

v.                                  Honorable Robert Holmes Bell

GREG McQUIGGIN,

               Respondent.

_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Sylvester Washington presently is incarcerated at the Chippewa Correctional Facility.  Petitioner pleaded guilty in the Jackson County Circuit Court to one count of armed robbery, MICH. COMP. LAWS § 750.529, and one count of third-offense domestic violence, MICH. COMP. LAWS § 750.814.  On March 21, 2007, he was sentenced to respective prison terms of 23 years and 9 months to 30 years and 1 year and 4 months to 2 years.

Petitioner sought leave to appeal his sentences to both the Michigan Court of Appeals and the Michigan Supreme Court, raising two issues:  (1) the trial court erred in scoring Offense Variable (OV) 7; and (2) the trial court erred in assessing of attorney fees as part of the judgment. The court of appeals denied leave to appeal on May 8, 2008, for lack of merit in the grounds presented.  On February 4, 2009, the supreme court ordered Petitioner's application for leave to appeal held in abeyance pending issuance of a decision in *People v. Jackson*, 769 N.W.2d 630 (Mich. 2009).  After issuance of the *Jackson* decision, the supreme court denied leave to appeal on September 28, 2009.

Petitioner filed a motion for relief from judgment in the Jackson County Circuit Court in November 2009.  In that motion, Petitioner raised three new arguments:  (1) whether he was entitled to resentencing based on the improper scoring of Prior Record Variable (PRV) 1; (2) whether appellate counsel was ineffective with regard to post-sentencing issues; and (3) whether the trial court abused its discretion by violating the two-thirds rule of *People v. Tanner*, 199 N.W.2d 202 (Mich. 1972).  On May 17, 2010, the circuit court denied the motion on the merits.  Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court.  The courts denied leave to appeal on September 21, 2010 and April 8, 2011, respectively.

In his habeas application, Petitioner raises all five issues presented to and rejected by the Michigan courts on direct and collateral review.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

I.       Sentencing Claims

Petitioner raises a series of state-law sentencing claims. In Ground I of his habeas application, Petitioner asserts that the state court improperly scored PRV 1, MICH. COMP. LAWS § 777.50, at 50 points by considering convictions that were more than 10 years old. In Ground III, Petitioner contends that the state court abused its discretion by violating *Tanner*, 199 N.W.2d 202, which held that the minimum sentence could not exceed two-thirds of the maximum sentence. In Ground IV, Petitioner argues that the trial court improperly scored OV 7, MICH. COMP. LAWS § 777.37(1)(a), at 50 points by concluding that the victim was subjected to sadism, torture or excessive

brutality or that Petitioner's conduct was designed to substantially increase the fear and anxiety of a victim of the offense.

Petitioner's sentencing claims are not cognizable on habeas review. There is no constitutional right to individualized sentencing in non-capital cases. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978) (in a case holding that mitigating factors must be fully considered in death penalty cases, the Court "recognize[d] that, in noncapital cases, the established practice of individualized sentences rests not on constitutional commands, but on public policy enacted into statutes."). Since Petitioner has no federal right to an individualized sentence, this ground presents an issue of state law only. Petitioner has not alleged grounds for the Court to conclude that this is one of those rare instances where an alleged state-law sentencing error was so egregious that it led to a fundamentally unfair outcome. *See Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). Grounds I, III, and IV of the petition therefore fail to present a meritorious federal claim.

II.    Assessment of Attorney Fees

In his fifth habeas ground, Plaintiff contends that the judgment of sentence improperly assessed attorney fees against him, in violation of *People v. Dunbar*, 690 N.W.2d 476 (Mich. Ct. App. 2004). In *Dunbar*, the Michigan Court of Appeals held that a sentencing court must determine a defendant's foreseeable ability to pay presentencing, that is, before imposing a fee to recoup fees for court-appointed attorneys. *Id.* at 486. The Michigan Supreme Court held Petitioner's application for leave to appeal in abeyance pending its decision in *Jackson*, 769 N.W.2d 630. In *Jackson*, the Michigan Supreme Court considered the constitutionality of Michigan's statutory scheme for

recouping fees for court-appointed attorneys. *Id.* at 633. The state supreme court examined existing

United States Supreme Court precedent regarding the imposition of fees on indigent defendants. *Id.*

at 635-36 (discussing *James v. Strange*, 407 U.S. 128 (1972); *Fuller v. Oregon*, 417 U.S. 40 (1974);

and *Bearden v. Georgia*, 461 U.S. 660 (1983)). Overruling *Dunbar*, 690 N.W.2d 476, the *Jackson*

court concluded that criminal defendants do not have a constitutional right to a presentence

determination of their ability to pay fees. Instead, the *Jackson* court concluded that Michigan's

statutory scheme for recouping court-appointed attorney fees, MICH. COMP. LAWS §§ 769.1k-769.1l,

was constitutional because it required that, before a trial court could enforce any fee imposed at

sentencing, the defendant must be advised of the enforcement action and be given an opportunity to

contest enforcement based on his indigency. *Jackson*, 769 N.W.2d at 642-43. On the basis of the

its decision in *Jackson*, the state supreme court reconsidered and denied Petitioner's application for

leave to appeal.

The state court's determination was an entirely reasonable application of established

Supreme Court precedent. In *James*, 407 U.S. 128, the Supreme Court found unconstitutional a

Kansas recoupment statute that permitted the state to recoup court-appointed attorney fees without

permitting the defendant to raise any of the defenses permitted to other civil judgments. Most

importantly, the recoupment provision did not permit the defendant to defend the execution of the

recoupment based on an inability to pay. *Id.* at 135-36. As a consequence, the Court found that the

Kansas statute violated the Equal Protection Clause. *Id.* at 141-42.

In *Fuller*, 417 U.S. 40, the Supreme Court considered the Oregon statutory scheme

for recouping court-appointed attorney fees. The *Fuller* Court distinguished the Oregon statutory

model from the one at issue in *James*. *Id.* at 47. The Court held that the Oregon statute, unlike the

Kansas statute, treated debt for court-appointed attorney fees the same as other civil judgments, allowing the same exemptions to collection. In addition, unlike in *James*, the Oregon statute was not mandatory, and required the sentencing court to consider at sentencing the likelihood that the defendant would have a future ability to pay. *Id.* at 45-46. Based on these distinctions, the Court upheld the constitutionality of the Oregon recoupment scheme.

In *Bearden v. Georgia*, 461 U.S. 660 (1983), the Supreme Court again considered a state attempt to recoup court-appointed attorney fees. In *Bearden*, a Georgia defendant was ordered, as a condition of his three-year term of probation, to pay a $500.00 fine and $250.00 in restitution. When the petitioner lost his job and was unable to pay the balance of the fine and restitution, his probation was revoked and he was sentenced to prison for the remainder of the probationary term. The Supreme Court held that, absent a finding of intentional failure to pay or other fault by the probationer, a sentencing court may not revoke an indigent defendant's probation because he is unable to pay his court-ordered debt. *Id.* at 668-69.

As the Michigan Supreme Court recognized, *James*, *Fuller*, and *Bearden* do not endorse a single model for state recoupment of court-appointed attorney fees. *Jackson*, 769 N.W.2d at 636 (citing *Alexander v. Johnson*, 742 F.2d 117, 124 (4th Cir. 1984)). Although the *Fuller* Court held the Oregon scheme constitutional and that scheme required a presentence determination of future ability to pay, nothing in the *Fuller* decision suggests that a presentence determination is constitutionally mandatory. Further, in *Bearden*, the Court held only that a defendant had a right to an ability-to-pay hearing before having his probation revoked for failure to pay the fee. It therefore was entirely reasonable for the *Jackson* court to interpret *Fuller* and *Bearden* as fully consistent with Michigan law, which requires an ability-to-pay hearing only when the order of restitution is to be

enforced. Indeed, as the *Jackson* court observed, pre-enforcement timing of the ability-to-pay

hearing is more likely to produce a superior assessment to one conducted presentencing:

> Despite our deepest wishes to the contrary, no judge is so clairvoyant, and the state
> should not be forever precluded from seeking repayment from a defendant who has
> later gained the ability to pay, simply because at the time of sentencing it wrongly
> concluded that the defendant would never rise above indigency.

*Id.* at 641. Because the Michigan statute requires an ability-to-pay hearing before enforcement of

the fee begins, the statute meets the constitutional concerns addressed by the Supreme Court.

Accordingly, the state court's determination is neither contrary to nor an unreasonable application

of established Supreme Court precedent.

### III. Ineffective Assistance of Appellate Counsel

Finally, in Ground II of his habeas application, Petitioner contends that he was denied

the effective assistance of counsel when his attorney failed to raise the "dead bang winner"

arguments presented by Petitioner in his motion for relief from judgment. Specifically, he argues

that appellate counsel committed constitutional error in failing to challenge the scoring of PRV 1 and

failing to challenge Petitioner's minimum sentence under the two-thirds rule of *Tanner*, 199 N.W.2d

202.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court

established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To

establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's

performance fell below an objective standard of reasonableness; and (2) that counsel's deficient

performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome.

A court considering a claim of ineffective assistance must "indulge a strong presumption that

counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court recently has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.* at 289. Appellate counsel may be found to be ineffective for failing to raise a meritorious state-law claim. *See Goff v. Bagley*, 601 F.3d 445, 464 (6th Cir. 2010). The underlying issue need not be constitutional. *Id.*

Here, the state circuit court directly addressed Petitioner's claim of ineffective assistance of counsel as it applied to Petitioner's claim regarding the two-thirds rule:

> Counsel is ineffective if (1) counsel's performance falls below an objective standard of reasonableness under the prevailing professional norms, and (2) there is a reasonable probability that the outcome of the proceeding would have been different if counsel had not erred. *People v Uphaus*, 278 Mich.App. 174, 185; 748 N.W.2d 899, 906 (2008). Here, Defendant's appellate counsel did not commit such an error.

> MCL 769.34(2)(b) states, "The court shall not impose a minimum sentence, including a departure, that exceeds 2/3 of the statutory maximum sentence." As the Prosecutor points out in the Answer to this motion, the law regarding the 2/3 Rule was settled when Defendant's appeal was argued. "MCL 769.34 does not apply when a defendant is convicted of an offense punishable by a prison sentence of 'life or any term of years' because the minimum will never exceed 2/3 of the statutory maximum sentence of life authorized by the jury verdict." *People v Harper*, 479 Mich. 599, 617; 739 N.W.2d 523, 534 (2007). Armed robbery is such an offense. MCL 750.529. In *People v. Floyd*, 481 Mich. 938; 751 N.W.2d 34, the Michigan Supreme Court did order resentencing under MCL 769.34(2)(b). While that decision may cast some doubt on this rule, it is important to note that some of the offenses in that case did not permit a sentence of "life or any term of years." That is not the case here. In fact, the court did not even mention the rule stated in *Harper*. Absent some clearer statement from the Michigan Supreme Court, this Court finds that the rule state in *Harper* still applies, and Defendant's sentence is appropriate under that rule.

> Because Defendant's appellate counsel acted in accordance with the law as it stood at the time the appeal was filed and argued, this Court finds that counsel's performance was reasonable. Further, because the sentence is proper under *Harper*, this Court also finds no actual prejudice.

(Br. in Supp. of Compl., App'x C, docket #2-3, Page ID#44.)

As the Supreme Court recently has observed, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citing *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009)); *see also Premo v. Moore*, 131 S. Ct. 733, 740 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that

counsel satisfied *Strickland*'s deferential standard." *Id.* Here, the state court concluded that, because the claim was without merit, appellate counsel neither rendered deficient performance nor prejudiced Petitioner in any way by failing to raise the claim. That determination constituted a patently reasonable application of established Supreme Court precedent. *See Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003) (holding that a failure to raise a meritless issue cannot amount to ineffective assistance of appellate counsel) (citing *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)); *see also Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010).

Moreover, although the trial court did not directly discuss whether counsel was ineffective in failing to raise the scoring of PRV 1 on appeal, the court addressed the scoring of PRV 1 on the merits. The trial court found that PRV 1 was properly scored at 50 points because, although Petitioner's 1989 burglary convictions were older than ten years, they remained relevant at sentencing because they were committed within ten years of another offense that itself was committed within ten years of the offenses of conviction. The court held that, under MICH. COMP. LAWS § 777.50, the 1989 burglary offenses were properly scored. The Michigan Court of Appeals and the Michigan Supreme Court both denied leave to appeal, which must be presumed to be merit-based affirmances. *See Guilmette v. Howes*, 624 F.3d 286, 289-90 (6th Cir. 2010) (holding that unexplained orders of state appellate courts are presumed to uphold the last reasoned decision below). Because the state courts found the sentencing claim to be meritless and that decision is not cognizable on habeas review, appellate counsel cannot be considered ineffective in failing to raise the claim on appeal. *See Willis*, 351 F.3d at 745; *Bradshaw*, 591 F.3d at 523.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this

Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at

484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A

petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented

are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327

(2003). In applying this standard, the Court may not conduct a full merits review, but must limit its

examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

      The Court finds that reasonable jurists could not conclude that this Court's dismissal

of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate

of appealability.

      A Judgment and Order consistent with this Opinion will be entered.


Dated: <u>June 23, 2011</u>                          /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          UNITED STATES DISTRICT JUDGE